On this appeal from an order of Judge Nancy Margaret Russo, I agree in part and dissent from the majority's conclusion on the first assignment of error because the Doganieros are eligible for underinsured motorist benefits. While it is true that the provisions of S.B. 20 apply to the policy at issue, R.C. 3937.18(A)(2) does not preclude the Doganieros for recovery for their claimed losses. Smith v. State Farm Ins. Co. (Oct. 26, 2000), Franklin App. No. 99AP-1131, unreported. Contra Carruth v. Erie Ins. Group (Sept. 21, 2000), Cuyahoga App. No. 77161, unreported.
R.C. 3937.18 is remedial legislation, and the courts must construe the statute liberally to give effect to the legislative purpose. Moore v. State Auto. Mut. Ins. Co. (2000), 88 Ohio St.3d 27, 31, 723 N.E.2d 97. The purpose of underinsured motorist coverage is to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated. Id. With this purpose in mind, the Supreme Court concluded in Motorist Mut. Ins. Co. v. Andrews (1992),65 Ohio St.3d 362, 604 N.E.2d 142, syllabus:
 When determining whether a motorist is underinsured within the meaning of R.C. 3937.18(A)(2), the amount actually available for payment under the tortfeasor's liability insurance policy must be compared with the insurer's underinsured motorist coverage limits. If the amount available for payment is less than the insured's underinsured policy limits, then the insured is entitled to underinsured motorist coverage.
While Andrews was determined before the passage of S.B. 20, both the prior and S.B. 20 versions of the statute contain the same language requiring underinsured motorist coverage where the limits of coverage available for payment to the insured under bodily injury liability bonds and insurance policies covering the persons liable to the insured are less than the limits of the insured's underinsured motorist coverage. Nothing in the language of the bill suggests that the legislature intended to overrule Andrews; rather, the fact the legislature retained the same language suggests that the comparison is not of limits only, but between the underinsured limits and the amounts available for payment under the tortfeasor's policy. Smith, supra.
The proceeds of the tortfeasor's $1 million policy were exhausted, and the probate court did not allocate any part of the settlement to the Doganieros. See R.C. 3937.18(H). Because nothing is available for payment to compensate them for their claimed losses, they are eligible for underinsurance coverage under their own policy. To hold otherwise would defeat the express purpose of the statute.